```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x

In re:                                  :

NIDIA Z. VARGAS                         :    BK No. 10-13103
          Debtor                                Chapter 13

- - - - - - - - - - - - - - - - - -x
```

## DECISION AND ORDER (1) ALLOWING EXEMPTION, AND (2) DETERMINING THAT SAID EXEMPT PROPERTY IS NOT PART OF DEBTOR'S DISPOSABLE INCOME

APPEARANCES:

 John Boyajian, Esq.
 Chapter 13 Trustee
 BOYAJIAN HARRINGTON & RICHARDSON
 182 Waterman Street
 Providence, Rhode Island 02906

 Edward J. Gomes, Esq.
 Attorney for Debtors
 Edward J. Gomes, Attorney at Law
 91 Friendship Street, Suite 3
 Providence, Rhode Island 02903-3837

**BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge**

BK No. 10-13103

In his objection to exemptions, the Trustee disagrees with the Debtor's contention that her interest in a personal injury suit should not be included in the disposable income analysis in her Chapter 13 plan. There are no disputed issues of fact, the Court has heard oral arguments, and the parties have submitted written memoranda of law.

### **THE PLAN**

Nidia N. Vargas (the "Debtor" or "Vargas"), a "below median income debtor" according to 11 U.S.C. § 101(10A)(A)(i), is required to propose at least a 36 month plan pursuant to 11 U.S.C. §§ 1325(b)(2) and (b)(4). The Debtor's disposable income and payments are determined in accordance with the provisions of 11 U.S.C. § 1325(b)(2), and her plan provides for payments of $520 for 36 months, with a minimal distribution (less than 1%) to unsecured creditors.[1]

### **BACKGROUND**

In February 2010, five months prior to bankruptcy, Vargas was involved in an automobile accident in which she sustained personal injuries. She has fully recovered, with no permanent disability, and incurred medical expenses of $6,221. She claims no lost wages, and is no longer receiving medical treatment.

---

[1] The Trustee and the Debtor agreed that confirmation should go forward while the Trustee's Objection to the exemption claim was under advisement and still unresolved.

2

BK No. 10-13103

In September 2010, Vargas filed amended schedules listing the personal injury claim, using the maximum statutory amount to which she would be entitled as the basis for valuing the claim in the amount of $10,574. At the time of confirmation, the claim was listed as "unliquidated."

The Trustee argues that in Chapter 13 the proceeds of a personal injury claim should be included as part of the Debtor's projected disposable incomes, pursuant to 11 U.S.C. §§ 1306 and 1325(b)(2).

The Debtor disagrees, relying on *Hamilton v. Lanning* (*In re Lanning*), 130 S. Ct. 2464 (2010), because the amount of the personal injury claim was not "known or virtually certain" when the plan was confirmed.

## **DISCUSSION**

As for the first question – may the Debtor claim the personal injury claim as exempt? - this Court recently addressed a similar issue in *In re Andrade*, 2011 WL 1559241 (Bankr. D.R.I. 2011), where the Chapter 13 Trustee objected to a claimed exemption, focusing only on how an exempt asset should be treated in the § 1325(b) analysis, and providing no reason or argument as to why the claimed exemption was not valid. In the absence of any argument addressing the exemption issue, the objection was overruled. Since the Trustee has again failed to address his burden to show why the

3

BK No. 10-13103

personal injury claim may not be claimed as exempt, the result in *Andrade* is applicable, the Trustee's objection is **OVERRULED**, and this decision could (and probably should) end here.

However, because it appears to be the subject of recurring litigation, we will address the second issue raised in the case - whether the proceeds of the Debtor's personal injury claim should be included as disposable income under § 1325(b). The Debtor's argument, based upon *Lanning*, *supra* at 2, is that this personal injury claim is not encompassed by § 1325(b), unless its value is known or virtually certain at the time of confirmation. In *Lanning*, the Supreme Court was asked to resolve a growing split among the Circuits regarding the term "projected disposable income," and held that "when a bankruptcy court calculates a debtor's projected disposable income, the court may account for changes in the debtor's income ... that are known or virtually certain at the time of confirmation." 130 S.Ct. at 2478. The Supreme Court stated that "Congress did not amend the term 'projected disposable income' in 2005, and pre-BAPCPA bankruptcy practice reflected a widely acknowledged and well-documented view that courts may take into account known or virtually certain changes to a debtor's income . . . when projecting disposable income." *Id*. at 2473-74. Section "1325(b)(1) directs courts to determine projected disposable income 'as of the effective date of

4

BK No. 10-13103

the plan,' which is the date on which the plan is confirmed and becomes binding." *Id*. at 2474.

When Vargas' confirmation order was entered on January 6, 2011, no one, including the Debtor, the Chapter 13 Trustee, or the Court could place a *known or virtually certain value* on the personal injury claim, and/or whether the Debtor would receive *any* award. In fact only three days earlier the Debtor had filed an application to employ special counsel to pursue this "contingent and unliquidated" claim. *See In re Walker, 2010 WL 4259274 *10 (Bankr. C.D. Ill. 2010)*("It is hard to see how the potential recovery of funds through an action where both liability and damages are disputed [like a personal injury claim] meets the *Lanning* 'known' or 'virtually certain' concept of disposable income."). For the reasons discussed above and as applied to the facts here, this Court concludes that the Debtor's personal injury claim should not be included in her § 1325 disposable income analysis.

Finally, neither the Trustee nor the Debtor have raised or addressed the issue whether any of the personal injury claim proceeds are necessary for the Debtor's maintenance and support. Therefore the Court deems this argument waived. *See Jordan v. Kelly*, 728 F.2d 1,3 (1st Cir. 1984)(failure to argue issue at trial court level waives it).

BK No. 10-13103

Entered as the Decision of this Court.

Dated at Providence, Rhode Island, this 27th day of September, 2011.

_____
Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 9/27/2011